IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR AN ORDER PURSUANT TO 18 U.S.C. ) <br> § 2703(d) DIRECTING **SPRINT** ) <br> TO PROVIDE HISTORICAL CELL ) <br> SITE LOCATION RECORDS ) <br> AND SUBSCRIBER INFORMATION ) <br> RELATED TO TELEPHONE NUMBER ) <br> 724-261-9156 ) | Magistrate No: <br> 13 306 M <br><br> <u>UNDER SEAL</u> |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require SPRINT, a cellular service provider, to disclose to the United States Marshals Service ("USMS") records reflecting subscriber information and the location of cellular towers (cell site and sector/face) related to the use of a cellular telephone assigned the telephone number **724-261-9156**, as described in Part I of Attachment A, for the period from January 1, 2013 to the present. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. SPRINT is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require SPRINT

to disclose the items described in Part II of Attachment A. <u>See</u> 18 U.S.C. § 2703(c)(1) (Part II.A of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. <u>See</u> 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. <u>See</u> 18 U.S.C. § 2711(3)(A)(i).

3.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.      On January 29, 2013, a grand jury sitting in the Western District of Pennsylvania returned a Two Count Indictment against Mark Zachary Pavlack. Count One charges that Mark Zachary Pavlack did knowingly and lawfully possess firearms – specifically incendiary and pipe bombs – on or about March 15, 2010 in violation of Title 26, United States Code, Section 5861(d). Count Two charges that Mark Zachary Pavlack was a convicted felon in possession of ammunition on or about March 15, 2010, in violation of Title 18, United States Code, Section 922(g)(1). The Indictment remains under seal.

5. An arrest warrant was returned for Mark Zachary Pavlack pursuant to the indictment. When agents attempted to execute the warrant, they were unable to locate the defendant.

6. During the investigation of the crimes that led to the indictment of Mark Zachary Pavlack, Mr. Pavlack provided a phone number of 724-261-9156 to investigating agents. A recent check with SPRINT reveals that this number is still in use.

7. Subscriber information and historical cell cite location information for 724-261-9156 will assist agents in an ongoing investigation. Specifically, these records will assist the USMS in locating mark Zachary Pavlack.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to locate mark Zachary Pavlack. Accordingly, the United States requests that SPRINT be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require SPRINT not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such

an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving the target an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior. See 18 U.S.C. § 2705(b)(2), (3), (5).

10.     The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

        Respectfully submitted,

        DAVID J. HICKTON
        United States Attorney

        */s/ Katherine King*
        KATHERINE A. KING
        Assistant U.S. Attorney
        U.S. Post Office and Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, Pennsylvania 15219
        (412) 644-3500 (Phone)
        Katherine.king@usdoj.gov
        NY ID No. 4891727